Electronically Filed - Jackson - Kansas City - February 05, 2021 - 04:50 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| PACHIONETTA M. POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: |
| | ) |
| MARIUS TOMA, and | ) |
| MK EXPRESS LINES, INC., and | ) |
| PAR LOGISTICS, LLC, | ) |
| | ) |
| Defendants. | ) |

## **DEMAND FOR JURY TRIAL**

Plaintiff, Pachionetta M. Powell, by and through her attorneys, hereby makes a demand for

trial by jury on all issues so triable.

Respectfully submitted,

SHAFFER LOMBARDO SHURIN P.C.

_____
James D. Myers #46374
Peter F. Rottgers #65671
2001 Wyandotte Street
Kansas City, Missouri 64108
(816) 931-0500 (816) 931-5775 (Fax)
jmyers@sls-law.com
prottgers@sls-law.com
ATTORNEYS FOR PLAINTIFF

**EXHIBIT A**

Electronically Filed - Jackson - Kansas City - February 05, 2021 - 04:50 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| PACHIONETTA M. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: |
| | ) | |
| MARIUS TOMA, and | ) | |
| MK EXPRESS LINES, INC., and | ) | |
| PAR LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **DESIGNATION OF LEAD COUNSEL**

James D. Myers of Shaffer Lombardo Shurin, P.C., 2001 Wyandotte, Kansas City, Missouri 64108, files his designation of Lead Counsel for Plaintiff, Pachionetta M. Powell, Plaintiff in the above-styled cause.

Respectfully submitted,

SHAFFER LOMBARDO SHURIN P.C.

James D. Myers #46374
Peter F. Rottgers #65671
2001 Wyandotte Street
Kansas City, Missouri 64108
(816) 931-0500 (816) 931-5775 (Fax)
jmyers@sls-law.com
prottgers@sls-law.com
ATTORNEYS FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - February 05, 2021 - 04:54 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

PACHIONETTA M. POWELL,          )
                                       )
                Plaintiff,       )
vs.                               )        Case No.:
                                       )
MARIUS TOMA, and            )
MK EXPRESS LINES, INC., and      )
PAR LOGISTICS, LLC,         )
                                       )
               Defendants.   )

## <u>ENTRY OF APPEARANCE</u>

Peter F. Rottgers of Shaffer Lombardo Shurin, P.C., 2001 Wyandotte, Kansas City, Missouri 64108, hereby enters his appearance as counsel for Pachionetta M. Powell, Plaintiff in the above-styled cause.

Respectfully submitted,

SHAFFER LOMBARDO SHURIN P.C.

*/s/Peter F. Rottgers*
James D. Myers #46374
Peter F. Rottgers #65671
2001 Wyandotte Street
Kansas City, Missouri 64108
(816) 931-0500 (816) 931-5775 (Fax)
jmyers@sls-law.com
prottgers@sls-law.com
ATTORNEYS FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - February 05, 2021 - 04:50 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| PACHIONETTA M. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: |
| | ) | |
| MARIUS TOMA, | ) | |
| Serve: 312 Northridge Avenue | ) | |
| Bolingbrook, IL 60440-2447 | ) | |
| and | ) | |
| | ) | |
| MK EXPRESS LINES, INC., | ) | |
| Serve: Registered Agent: | ) | |
| Anamaria Cristina Costin | ) | |
| 5315 N. Clark Street, #198 | ) | |
| Chicago, IL 60640 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PAR LOGISTICS, LLC, | ) | |
| Serve: Registered Agent: | ) | |
| Keith Estelle | ) | |
| 7458 Expressway Drive, Suite C | ) | |
| Grand Rapids, MI 49548 | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR DAMAGES

Plaintiff, Pachionetta Powell, for her causes of action against defendants Marius Toma, MK Express Lines, Inc. and PAR Logistics, LLC (commonly referred to as "Defendants") states and alleges as follows:

## THE PARTIES

1.      Plaintiff is, and at all relevant times, a resident of the State of Missouri residing in the City of Grandview, Jackson County, Missouri.

2.      Defendant Toma is an individual, residing in the State of Illinois, whose last known place of residence is 312 Northridge Avenue, Bolingbrook, IL 60440-2447.

3.      Defendant MK Express Lines is an Illinois Corporation, located at 3525 W Peterson Avenue, Suite 115, Chicago, IL 60659, and operates as a motor carrier, as defined in RSMo. § 390.020, in Jackson County, Missouri.

4.      Defendant PAR Logistics is a Michigan Limited Liability Company, located at 7377 Expressway Drive SW, Suite D, Grand Rapids MI 49548, and operates as a Contract Carrier, as defined in RSMo. § 390.020, in Jackson County, Missouri.

5.      This case arises from a motor vehicle accident that occurred at or about 8:15 a.m. on the 17th day of October 2018, on I-70 westbound at or near the Jackson Street exit, in Kansas City, Jackson County, Missouri.

<u>**GENERAL ALLEGATIONS**</u>

6.      On information and belief, on October 17, 2018, Defendant MK Express Lines owned the 2010 Kenworth tractor, a commercial vehicle, VIN# 1XKTD49X8AJ266696 being driven by its employee, servant, agent or representative, Defendant Toma, which collided with the rear-end of the vehicle being operated by Plaintiff, who was four months pregnant at the time (hereinafter the "Accident").

7.      At all times relevant herein and at the time of the Collision, MK Express Lines and PAR Logistics were acting individually and through their drivers, employees, servants, agents or representatives, each of whom were acting within the course and scope of their employment and/or agency with MK Express Lines and PAR Logistics.

8.      On information and belief, at all times relevant herein and at the time of the Collision, Defendant Toma was MK Express Lines, Inc.'s and/or PAR Logistics' employee, servant, agent

and/or representative, and was operating the 2010 Kenworth tractor in the course and scope of his employment and/or agency with MK Express Lines and/or PAR Logistics, LLC.

9.      MK Express Lines and PAR Logistics are liable for all acts and omissions of Defendant Toma while he was operating the 2010 Kenworth tractor within the course and scope of his employment and/or agency under the doctrine of *respondeat superior.*

10.     Venue is proper in the Circuit Court of Jackson County, Missouri pursuant to RSMo. §508.010.4 because Plaintiff was first injured in the County of Jackson, State of Missouri by the negligent conduct of Defendants as alleged herein.

11.     Alternatively, venue is proper in the Circuit Court of Jackson County, Missouri pursuant to RSMo §508.010.5(2) because the present action includes a count alleging a tort and Plaintiff resides in Jackson County, Missouri.

12.     On information and belief, at the time of this incident, Defendant Toma was operating the 2010 Kenworth tractor as a driver for MK Express Lines and/or PAR Logistics.

13.     On information and belief, at all times relevant to this action, Defendant Toma was an employee, servant, agent or representative of MK Express Lines while driving a commercial motor vehicle, including the 2010 Kenworth tractor, and was directed and controlled by MK Express Lines to transport various items throughout the County of Jackson, State of Missouri.

14.     At all times relevant to this action, and at the time of the Collision, MK Express Lines, individually, and/or through its employees, servants, agents or representatives, owned, controlled or operated the 2010 Kenworth tractor involved in the Accident.

15.     On information and belief, at all times relevant to this action, Defendant Toma was an employee, servant, agent or representative of PAR Logistics while driving a commercial motor

Electronically Filed - Jackson - Kansas City - February 05, 2021 - 04:50 PM

vehicle, including the 2010 Kenworth tractor, and was directed and controlled by PAR Logistics to transport various items throughout the County of Jackson, State of Missouri.

16. At all times relevant to this action, and at the time of the Collision, PAR Logistics individually, and/or through its employees, servants, agents or representatives, owned, controlled or operated the 2010 Kenworth tractor involved in the Accident.

17. On or about October 17, 2018 at approximately 8:15 a.m., Plaintiff was operating her 2013 Chevrolet Camaro, traveling westbound on Interstate 70, in Jackson County, Missouri, in rush hour traffic when Plaintiff slowed for traffic congestion ahead.

18. On or about October 17, 2018, the 2010 Kenworth tractor and trailer, negligently operated by Defendant Toma, suddenly and violently struck the rear of Plaintiff's vehicle at a high rate of speed, forcing Plaintiff's vehicle forward and into the rear of another vehicle that was slowing or stopped in front of Plaintiff, causing Plaintiff's injuries and damages as detailed herein.

19. The crash location is a much traveled, open and publicly dedicated interstate highway and thoroughfare in the State of Missouri, not within a business or residential district.

20. The negligence of Defendant MK Express Lines, the negligence of Defendant PAR Logistics and the negligence of their employee, servant, agent and/or representative, Defendant Toma, directly and proximately caused or contributed to cause injuries and damages to Plaintiff as described herein.

21. As a direct and proximate result of the negligence of Defendant Toma, Defendant MK Express Lines, and Defendant PAR Logistics, Plaintiff suffered injuries and sustained damages as described herein.

## COUNT I – NEGLIGENCE - MARIUS TOMA

22.     At the above time and place, Defendant Toma caused or permitted to cause the 2010 Kenworth tractor to violently collide with Plaintiff's vehicle with great force and violence causing Plaintiff to sustained damages as hereinafter more fully described, all as a direct and proximate result of the negligence, carelessness and failure to exercise the highest degree of care on the part of Defendant Toma, in the following respects:

    a.  Negligently and carelessly permitting the tractor to collide with the rear of Plaintiff's vehicle;

    b.  Negligently and carelessly operating the Kenworth tractor at a speed too fast for the conditions then and there existing;

    c.  Negligently and carelessly failing to yield the right-of-way to Plaintiff's vehicle and/or slow for rush-hour traffic;

    d.  Negligently and carelessly driving and operating the Kenworth tractor at an excessive, unreasonable and dangerous rate of speed under the circumstances;

    e.  Negligently and carelessly failing to keep a careful lookout for warnings, obstructions or other vehicles on or about the interstate and particularly for the vehicle operated by Plaintiff;

    f.  Negligently and carelessly driving at a rate of speed making it impossible to stop the Kenworth tractor within his range of vision;

    g.  Negligently and carelessly following Plaintiff's vehicle too close and/or not allowing a safe distance between the Kenworth tractor and Plaintiff's vehicle;

    h.  Negligently and carelessly failing to swerve the Kenworth tractor after he knew or by the use of the highest degree of care should have or could have known that there was a reasonably likelihood of collision with the rear of Plaintiff's vehicle;

    i.  Negligently and carelessly failing to keep the Kenworth tractor under such control that it could be slowed, stopped, or swerved in time to avoid a collision with Plaintiff's vehicle;

    j.  Negligently and carelessly failing to sound a warning of the approach and proximity of the Kenworth tractor after he knew or, by using the highest degree of care, should or could have known that there was a likelihood of collision;

k.  Negligently and carelessly driving in an inattentive and/or distracted state;

l.  Negligently and carelessly failing to keep a lookout;

m.  Negligently and carelessly failing to apply his brakes so as to have avoided the collision or slowed the Kenworth tractor before the collision;

n.  Negligently and carelessly failing to act after the danger of collision became apparent.

o.  Negligently and carelessly failing to operate the Kenworth tractor in a safe and prudent manner;

p.  Negligently and carelessly operating the Kenworth tractor without adequate training and/or experience; and

q.  Negligently and carelessly driving while tired or fatigued or otherwise failing to stay alert and attentive.

23.  Defendant Toma was negligent and careless in causing the Collision, and Plaintiff was free of any contributory negligence.

24.  As a direct and proximate result of Defendant Toma's negligence and/or carelessness, Plaintiff's 2013 Chevrolet Camaro was damaged beyond repair and/or totaled, causing Plaintiff great expense and inconvenience in replacing it. Additionally, Plaintiff was caused to suffer expenses in towing, storage, loss of registration, loss of recent upgrades to the vehicle and other costs and damages related to said property damage.

25.  At the time of Defendant Toma's negligence, the 2013 Chevrolet Camaro, which had been purchased only four months and one day prior, had a value of $16,100.00.

26.  As a direct and proximate result of the negligence of Defendant Toma, Plaintiff suffered the following physical injuries: concussion, headaches, abrasions and injury to both eyes including the recurrence of "orbs" and "floaters" in her visual field that interfere with her vision; injury to muscles, nerves, ligaments, and tendons in her neck and shoulders including bruising, contusions and otherwise made sore and lame; adhesive capsulitis; garden variety emotional distress,

including anxiety as a result of being unable to find the heartbeat of her unborn baby at the hospital and humiliation caused by urinating on herself upon being struck by the Kenworth tractor being operated by Defendant Toma.

27.     As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendant Toma, Plaintiff has incurred medical expenses and is reasonably certain to incur future medical expenses.

28.     As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendant Toma, Plaintiff suffered wage loss and lost time from work.

29.     Plaintiff's injuries, infirmities and damages are permanent, painful and progressive in nature, and she is reasonably certain to endure pain and suffering into the future.

WHEREFORE, Plaintiff Pachionetta Powell prays for a judgment in her favor and against Defendant Marius Toma, in a fair and just amount in excess of Twenty-Five Thousand Dollars, ($25,000.00), together with the costs of this action, all interest allowed under Missouri Law, and for such further relief as the Court deems just and proper under the circumstances.

## COUNT II – NEGLIGENCE *PER SE* AGAINST MARIUS TOMA

30.     Plaintiff Pachionetta Powell incorporates and realleges each and every paragraph and sub-paragraph, statement and averment set forth above as if fully set forth herein.

31.     The Accident and the injuries and damages sustained by Plaintiff were directly and proximately caused or contributed to be caused by the negligence per se of Defendant Toma in one or all of the following manners:

a.  Defendant Toma, failed to operate the Kenworth tractor in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and failed to exercise the highest degree of in that he drove at an excessive, unreasonable and dangerous rate of speed under the circumstances, making it impossible to stop within his range of vision, in violation of RSMo § 304.012.1;

b.  Defendant Toma, failed to operate the Kenworth tractor in a careful and prudent manner and so as not to endanger the property of another or the life or limb of any person and failed to exercise the highest degree of care in that he was driving in an inattentive, distracted, tired and/or fatigued state that caused him to not look at or pay attention to the roadway ahead of him, and thereby, failed to observe the stopped or slowed traffic in front of him in violation of RSMo § 304.012.1, and thereby

c.  Defendant Toma drove the 2010 Kenworth tractor, a commercial motor vehicle, in a willful or wanton disregard for the safety of persons or property in violation of RSMo § 302.780, in that he failed to keep a careful lookout for warnings, obstructions or other vehicles on or about the interstate and negligently and carelessly permitted the Kenworth tractor to collide with the rear of Plaintiff's vehicle;

d.  Defendant Toma failed to operate his vehicle with appropriate caution, and thereby failing to exercise the highest degree of care, in violation of RSMo § 304.012.1;

e.  Defendant Toma followed behind Plaintiff's vehicle at a distance within three hundred feet, in violation of RSMo § 304.044;

f.  Defendant Toma followed Plaintiff's vehicle more closely than was reasonable and prudent, without due regard for the speed of Plaintiff's vehicle and the traffic upon and the condition of the highway in violation of Code of Ordinances, Kansas City, Missouri, Sec. 70-399.

g.  Defendant Toma operated the 2010 Kenworth tractor at a speed greater than was reasonable and prudent under the conditions without regard to the actual and potential hazards then existing, in violation of Code of Ordinances, Kansas City, Missouri, Sec. 70-361;

h.  Defendant Toma operated the 2010 Kenworth tractor, a commercial motor vehicle, in willful or wanton disregard for the safety of persons or property in violation of Code of Ordinances, Kansas City, Missouri, Sec. 70-306.

i.  Defendant Toma, on the date and time in question, did not observe and comply with RSMo § 304.014 in that Defendant violated RSMo § 304.04 and RSMo. § 302.780 and Sections 70-399, 70-361 and 70-306 of Code of Ordinances, Kansas City, Missouri, as stated herein.

32.     These rules, regulations, codes, ordinances and statutes are intended to protect motorists, passengers, and pedestrians like Plaintiff from the dangerous operation of commercial motor vehicles in the City of Kansas City and the State of Missouri.

33.     At the time of the subject collision, Plaintiff was a member of the class of persons that the above rules, regulations, codes, ordinances and statutes were meant to protect, and the injuries and damages sustained by Plaintiff, as described herein, are the type of injuries and damages said rules, regulations, codes, ordinances and statutes were meant to prevent.

34.     As a direct result of the Accident and Defendant Toma's negligent and careless acts and omissions, specifically including violations of City of Kansas City and State of Missouri rules, regulations, codes, ordinances and/or statutes, Plaintiff's 2013 Chevrolet Camaro was damaged beyond repair/totaled, causing Plaintiff great expense and inconvenience in replacing it. Additionally, Plaintiff was caused to suffer expenses in towing, storage, loss of registration, loss of recent upgrades to the vehicle and other costs and damages related to said property damage.

35.     As a direct result of the Accident and Defendant Toma's negligent and careless acts and omissions, specifically including violations of City of Kansas City and State of Missouri rules, regulations, codes, ordinances and/or statutes, Plaintiff suffered the following injuries: concussion, headaches, abrasions and injury to both eyes including the recurrence of "orbs" and "floaters" in her visual field that interfere with her vision; injury to muscles, nerves, ligaments, and tendons in her neck and shoulders including bruising, contusions and otherwise made sore and lame; adhesive capsulitis; garden variety emotional distress, including anxiety as a result of being unable to find the heartbeat of her unborn baby at the hospital and humiliation caused by urinating on herself upon being struck by the Kenworth tractor being operated by Defendant Toma and as a result has suffered pain, wage loss, lost time from work and  incurred medical expenses.

36.     Plaintiff's injuries, infirmities and damages are permanent, painful and progressive in nature, and she is reasonably certain to incur future medical expenses and endure pain and suffering into the future.

Electronically Filed - Jackson - Kansas City - February 05, 2021 - 04:50 PM

WHEREFORE, Plaintiff Pachionetta Powell prays for a judgment in her favor and against Defendant Marius Toma, in a fair and just amount in excess of Twenty-Five Thousand Dollars, ($25,000.00), together with the costs of this action, all interest allowed under Missouri Law, and for such further relief as the Court deems just and proper under the circumstances.

## COUNT III – NEGLIGENCE AGAINST MK EXPRESS LINES, INC.

37.     Plaintiff incorporates and realleges each and every paragraph and sub-paragraph, statement and averment set forth above as if they were fully set forth herein.

38.     At all times relevant, Defendant MK Express Lines was operating pursuant to authorization granted to it by the United States Department of Transportation to engage in transportation as a common carrier of property.

39.     Defendant MK Express Lines is directly liable for its own negligence, carelessness, failures and violations that were the direct and proximate result of the subject accident and ensuing damages, including, but not limited to, the following:

    a.   In failing to provide and maintain proper training for its agents, contractors and drivers, including Defendant Toma;

    b.   In failing to properly supervise its agents, contractors and drivers, including Defendant Toma;

    c.   In failing to implement and maintain an effective safety management program;

    d.   In negligently hiring or employing Defendant Toma as a driver;

    e.   In failing to adequately train and instruct Defendant Toma concerning the safe operation of the 2010 Kenworth tractor;

    f.   In negligently entrusting the 2010 Kenworth tractor to Defendant Toma who had inadequate experience, training and knowledge to safely operate the tractor;

    g.   In negligently retaining Defendant Toma as an employee, agent or contractor;

    h.   In allowing to Defendant Toma to operate the 2010 Kenworth tractor when they knew or should have known that it could not be safely operate;

i.   In failing to adequately monitor Defendant Toma's activities;

j.   In continuing to allow Defendant Toma to operate a tractor trailer as part of his employment or agency with MK Express Lines;

k.   In allowing Defendant Toma to breach rules, regulations, codes, ordinances and statutes of various governmental entities including, but not limited to the City of Kansas City, Missouri and the State of Missouri;

l.   In that it knew or should have known that Defendant Toma was violating rules, regulations, codes, ordinances and statutes of various governmental entities including, but not limited to the City of Kansas City, Missouri and the State of Missouri;

m.  In allowing Defendant Toma to breach MK Express Lines' policies and procedures;

n.   In that it knew or should have known that Defendant Toma was breaching MK Express Lines' policies and procedures;

o.   In failing to adhere to rules, regulations, codes, ordinances, and statutes concerning the operation of its business;

p.   In failing to have adequately trained safety personnel; and

q.   In failing to maintain the 2010 Kenworth tractor so it could be operated safely.

40.     The negligence, carelessness, failures of MK Express Lines caused or contributed to cause the negligence of its driver, employee, servant, agent and/or representative, Defendant Toma, as described herein, thereby directly and proximately causing or contributing to be caused injuries and damages to Plaintiff as described herein.

WHEREFORE, Plaintiff Pachionetta Powell prays for a judgment in her favor and against Defendant MK Express Lines, Inc. in a fair and just amount in excess of Twenty-Five Thousand Dollars, ($25,000.00), together with the costs of this action, all interest allowed under Missouri Law, and for such further relief as the Court deems just and proper under the circumstances.

## <u>COUNT IV – NEGLIGENCE AGAINST MK EXPRESS LINES, INC.</u>
## (VICARIOUS LIABILITY)

41.     Plaintiff incorporates and realleges each and every paragraph and sub-paragraph, statement and averment set forth above as if they were fully set forth herein.

42.     At all times herein, Defendant Toma was an employee and/or agent of Defendant MK Express Lines and thus, Defendant MK Express Lines is vicariously liable for the acts of Defendant Toma.

43.     That during the course of Defendant Toma's operation of the 2010 Kenworth tractor, Defendant Toma was negligent, careless and failed to exercise the highest degree of care in the following respects:

a.  Negligently and carelessly permitting the Kenworth tractor to collide with the rear of Plaintiff's vehicle;

b.  Negligently and carelessly operating the Kenworth tractor at a speed too fast for the conditions then and there existing;

c.  Negligently and carelessly failing to yield the right-of-way to Plaintiff's vehicle and/or slow for rush-hour traffic;

d.  Negligently and carelessly driving and operating the Kenworth tractor at an excessive, unreasonable and dangerous rate of speed under the circumstances;

e.  Negligently and carelessly failing to keep a careful lookout for warnings, obstructions or other vehicles on or about the interstate and particularly for the vehicle operated by Plaintiff;

f.  Negligently and carelessly driving at a rate of speed making it impossible to stop the Kenworth tractor within his range of vision;

g.  Negligently and carelessly following Plaintiff's vehicle too close and/or not allowing a safe distance between the Kenworth tractor and Plaintiff's vehicle;

h.  Negligently and carelessly failing to swerve the Kenworth tractor after he knew or by the use of the highest degree of care should have or could have known that there was a reasonably likelihood of collision with the rear of Plaintiff's vehicle;

i.   Negligently and carelessly failing to keep the Kenworth tractor under such control that it could be slowed, stopped, or swerved in time to avoid a collision with Plaintiff's vehicle;

j.   Negligently and carelessly failing to sound a warning of the approach and proximity of the Kenworth tractor after he knew or, by using the highest degree of care, should or could have known that there was a likelihood of collision;

k.   Negligently and carelessly driving in an inattentive and/or distracted state;

l.   Negligently and carelessly failing to keep a lookout;

m.   Negligently and carelessly failing to apply his brakes so as to have avoided the collision or slowed the Kenworth tractor before the collision;

n.   Negligently and carelessly failing to act after the danger of collision became apparent.

o.   Negligently and carelessly failing to operate the Kenworth tractor in a safe and prudent manner;

p.   Negligently and carelessly operating the Kenworth tractor without adequate training and/or experience; and

q.   Negligently and carelessly driving while tired or fatigued or otherwise failing to stay alert and attentive.

44.   As a direct and proximate result of the carelessness and negligence of Defendant MK Express Lines, Plaintiff's 2013 Chevrolet Camaro was damaged beyond repair and/or totaled, causing Plaintiff great expense and inconvenience in replacing it. Additionally, Plaintiff was caused to suffer expenses in towing, storage, loss of registration, loss of recent upgrades to the vehicle and other costs and damages related to said property damage.

45.   At the time of Defendant MK Express Lines' negligence, the 2013 Chevrolet Camaro, which had been purchased only four months and one day prior, had a value of $16,100.00.

46.   As a direct and proximate result of the negligence of Defendant MK Express Lines, Plaintiff suffered the following physical injuries: concussion, headaches, abrasions and injury to both eyes including the recurrence of "orbs" and "floaters" in her visual field that interfere with her vision;

injury to muscles, nerves, ligaments, and tendons in her neck and shoulders including bruising, contusions and otherwise made sore and lame; adhesive capsulitis; garden variety emotional distress, including anxiety as a result of being unable to find the heartbeat of her unborn baby at the hospital and humiliation caused by urinating on herself upon being struck by the Kenworth tractor being operated by Defendant MK Express Lines' employee or agent, Defendant Toma.

47.     As a direct and proximate result of the negligence and carelessness of Defendant MK Express Lines, Plaintiff has incurred medical expenses and is reasonably certain to incur future medical expenses.

48.     As a direct and proximate result of the negligence and carelessness of Defendant MK Express Lines, Plaintiff suffered wage loss and lost time from work.

49.     Plaintiff's injuries, infirmities and damages are permanent, painful and progressive in nature, and she is reasonably certain to endure pain and suffering into the future.

WHEREFORE, Plaintiff Pachionetta Powell prays for a judgment in her favor and against Defendant MK Express Lines, Inc. in a fair and just amount in excess of Twenty-Five Thousand Dollars, ($25,000.00), together with the costs of this action, all interest allowed under Missouri Law, and for such further relief as the Court deems just and proper under the circumstances.

## COUNT V – NEGLIGENCE AGAINST PAR LOGISTICS, LLC

50.     Plaintiff incorporates and realleges each and every paragraph and sub-paragraph, statement and averment set forth above as if they were fully set forth herein.

51.     At all times relevant, Defendant PAR Logistics was operating pursuant to authorization granted to it by the United States Department of Transportation to engage in transportation as a Contract carrier.

52. Defendant PAR Logistics is directly liable for its own negligence, carelessness, failures and violations that were the direct and proximate result of the subject accident and ensuing damages, including, but not limited to, the following:

a. In failing to provide and maintain proper training for its agents, contractors and drivers, including Defendant Toma;

b. In failing to properly supervise its agents, contractors and drivers, including Defendant Toma;

c. In failing to implement and maintain an effective safety management program;

d. In negligently hiring or employing Defendant Toma as a driver;

e. In failing to adequately train and instruct Defendant Toma concerning the safe operation of the 2010 Kenworth tractor;

f. In negligently entrusting the 2010 Kenworth tractor to Defendant Toma who had inadequate experience, training and knowledge to safely operate the tractor;

g. In negligently retaining Defendant Toma as an employee, agent or contractor;

h. In allowing to Defendant Toma to operate the 2010 Kenworth tractor when they knew or should have known that it could not be safely operate;

i. In failing to adequately monitor Defendant Toma's activities;

j. In continuing to allow Defendant Toma to operate a tractor trailer as part of his employment or agency with PAR Logistics;

k. In allowing Defendant Toma to breach rules, regulations, codes, ordinances and statutes of various governmental entities including, but not limited to the City of Kansas City, Missouri and the State of Missouri;

l. In that it knew or should have known that Defendant Toma was violating rules, regulations, codes, ordinances and statutes of various governmental entities including, but not limited to the City of Kansas City, Missouri and the State of Missouri;

m. In allowing Defendant Toma to breach PAR Logistics' policies and procedures;

n. In that it knew or should have known that Defendant Toma was breaching PAR Logistics' policies and procedures;

o. In failing to adhere to rules, regulations, codes, ordinances, and statutes concerning the operation of its business;

p. In failing to have adequately trained safety personnel; and

q. In failing to maintain the 2010 Kenworth tractor so it could be operated safely.

53. The negligence, carelessness, failures of PAR Logistics caused or contributed to cause the negligence of its driver, agent, servant and employee, Defendant Toma, as described herein, thereby directly and proximately causing or contributing to be caused injuries and damages to Plaintiff, Pachionetta Powell, as described herein.

WHEREFORE, Plaintiff Pachionetta Powell prays for a judgment in her favor and against Defendant PAR Logistics, LLC in a fair and just amount in excess of Twenty-Five Thousand Dollars, ($25,000.00), together with the costs of this action, all interest allowed under Missouri Law, and for such further relief as the Court deems just and proper under the circumstances.

## COUNT VI – NEGLIGENCE AGAINST PAR LOGISTICS, LLC
### (VICARIOUS LIABILITY)

54. Plaintiff incorporates and realleges each and every paragraph and sub-paragraph, statement and averment set forth above as if they were fully set forth herein.

55. At all times herein, Defendant Toma was an employee and/or agent of Defendant PAR Logistics and thus, Defendant PAR Logistics is vicariously liable for the acts of Defendant Toma.

56. That during the course of Defendant Toma's operation of the 2010 Kenworth tractor, Defendant Toma was negligent, careless and failed to exercise the highest degree of care in the following respects:

a. Negligently and carelessly permitting the Kenworth tractor to collide with the rear of Plaintiff's vehicle;

b.  Negligently and carelessly operating the Kenworth tractor at a speed too fast for the conditions then and there existing;

c.  Negligently and carelessly failing to yield the right-of-way to Plaintiff's vehicle and/or slow for rush-hour traffic;

d.  Negligently and carelessly driving and operating the Kenworth tractor at an excessive, unreasonable and dangerous rate of speed under the circumstances;

e.  Negligently and carelessly failing to keep a careful lookout for warnings, obstructions or other vehicles on or about the interstate and particularly for the vehicle operated by Plaintiff;

f.  Negligently and carelessly driving at a rate of speed making it impossible to stop the Kenworth tractor within his range of vision;

g.  Negligently and carelessly following Plaintiff's vehicle too close and/or not allowing a safe distance between the Kenworth tractor and Plaintiff's vehicle;

h.  Negligently and carelessly failing to swerve the Kenworth tractor after he knew or by the use of the highest degree of care should have or could have known that there was a reasonably likelihood of collision with the rear of Plaintiff's vehicle;

i.  Negligently and carelessly failing to keep the Kenworth tractor under such control that it could be slowed, stopped, or swerved in time to avoid a collision with Plaintiff's vehicle;

j.  Negligently and carelessly failing to sound a warning of the approach and proximity of the Kenworth tractor after he knew or, by using the highest degree of care, should or could have known that there was a likelihood of collision;

k.  Negligently and carelessly driving in an inattentive and/or distracted state;

l.  Negligently and carelessly failing to keep a lookout;

m.  Negligently and carelessly failing to apply his brakes so as to have avoided the collision or slowed the Kenworth tractor before the collision;

n.  Negligently and carelessly failing to act after the danger of collision became apparent.

o.  Negligently and carelessly failing to operate the Kenworth tractor in a safe and prudent manner;

p.  Negligently and carelessly operating the Kenworth tractor without adequate training and/or experience; and

       q.  Negligently and carelessly driving while tired or fatigued or otherwise failing to stay alert and attentive.

57.    As a direct and proximate result of the carelessness and negligence of Defendant PAR Logistics, Plaintiff's 2013 Chevrolet Camaro was damaged beyond repair and/or totaled, causing Plaintiff great expense and inconvenience in replacing it. Additionally, Plaintiff was caused to suffer expenses in towing, storage, loss of registration, loss of recent upgrades to the vehicle and other costs and damages related to said property damage.

58.    At the time of Defendant PAR Logistics' negligence, the 2013 Chevrolet Camaro, which had been purchased only four months and one day prior, had a value of $16,100.00.

59.    As a direct and proximate result of the negligence of Defendant PAR Logistics, Plaintiff suffered the following physical injuries: concussion, headaches, abrasions and injury to both eyes including the recurrence of "orbs" and "floaters" in her visual field that interfere with her vision; injury to muscles, nerves, ligaments, and tendons in her neck and shoulders including bruising, contusions and otherwise made sore and lame; adhesive capsulitis; garden variety emotional distress, including anxiety as a result of being unable to find the heartbeat of her unborn baby at the hospital and humiliation caused by urinating on herself upon being struck by the Kenworth tractor being operated by Defendant PAR Logistics' employee or agent, Defendant Toma.

60.    As a direct and proximate result of the negligence and carelessness of Defendant PAR Logistics, Plaintiff has incurred medical expenses and is reasonably certain to incur future medical expenses.

61.    As a direct and proximate result of the negligence and carelessness of Defendant PAR Logistics, Plaintiff suffered wage loss and lost time from work.

62.    Plaintiff's injuries, infirmities and damages are permanent, painful and progressive in nature, and she is reasonably certain to endure pain and suffering into the future.

WHEREFORE, Plaintiff Pachionetta Powell prays for a judgment in her favor and against Defendant PAR Logistics, LLC, in a fair and just amount in excess of Twenty-Five Thousand Dollars, ($25,000.00), together with the costs of this action, all interest allowed under Missouri Law, and for such further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

SHAFFER LOMBARDO SHURIN P.C.

_____

James D. Myers #46374
Peter F. Rottgers #65671
2001 Wyandotte Street
Kansas City, Missouri 64108
(816) 931-0500 (816) 931-5775 (Fax)
jmyers@sls-law.com
prottgers@sls-law.com
ATTORNEYS FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - February 05, 2021 - 04:52 PM



**SHAFFER
LOMBARDO
SHURIN**

ATTORNEYS AT LAW

JMYERS@SLS-LAW.COM
816-303-9955

February 5, 2020

Clerk of the 16th Circuit Court
Kansas City Courthouse
415 East 12th Street
Kansas City, MO 64106

     Re: *Service Instructions for New Civil Case, Electronic Filing No. EF22421599*

Dear Circuit Clerk,

This office electronically filed a Petition for Damages styled, *Pachionetta M. Powell v. Marius Toma, et al.* Please issue summonses for personal service out of state as follows:

**Via Will County Sheriff's Office:**

MARIUS TOMA
Serve: 312 Northridge Avenue
Bolingbrook, IL 60440-2447

**Via Certified Mail:**

MK EXPRESS LINES, INC.,           PAR LOGISTICS, LLC,
Serve: Registered Agent:            Serve:  Registered Agent:
Anamaria Cristina Costin             Keith Estelle
5315 N. Clark Street, #198           7458 Expressway Drive, Suite C
Chicago, IL 60640                    Grand Rapids, MI 49548

     Please return the Summons to Marius Toma to this office for forwarding to the Will County Sheriff's office for service.

     If there are any questions, I can be reached at (816) 303-9955. Thank you for your assistance.

     Sincerely yours,

     SHAFFER LOMBARDO SHURIN, PC

     James D. Myers

{11520/0001: 00455697.DOCX.}

2001 WYANDOTTE STREET
KANSAS CITY, MISSOURI 64108
816.931.0500        FAX 816.931.5775

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☒ **AT KANSAS CITY**　　☐ AT INDEPENDENCE

**RE**:　**PACHIONETTA M POWELL V MARIUS TOMA ET AL**
**CASE NO:**　**2116-CV03575**

**TO:**　**JAMES D MYERS**
　　　**2001 WYANDOTTE**
　　　**KANSAS CITY, MO  64108**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on February 5, 2021.  However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☒ **No certified mail fee received; fee required is $20.00.**
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☒ **Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.**

☒ **OTHER:**　**Because the clerks of the courts are still required to send out all certified mail summons packets, you will need to eFile the required certified mail fee indicated above ($10.00 per person).  You will also need to eFile the required affidavit marked above.**
☒ **Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.**
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**<u>If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.</u>**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed FEBRUARY 18, 2021 to:

　　　　　　　　　　　COURT ADMINISTRATOR'S OFFICE
　　　　　　　　　　　DEPARTMENT OF CIVIL RECORDS
　　　　　　　　　　　CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**FEBRUARY 18, 2021**　　　　　By　_____
_____
**Date**　　　　　　　　　　　**Peggy Holley, 816-881-6491**
　　　　　　　　　　　**Deputy Court Administrator**
　　　　　　　　　　　☒ **415 East 12th St., Kansas City, Missouri 64106**
　　　　　　　　　　　☐ **308 W. Kansas, Independence, Missouri 64050**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**PACHIONETTA M POWELL**

              **PLAINTIFF(S),**              **CASE NO. 2116-CV03575**

**VS.**                                           **DIVISION 11**

**MARIUS TOMA ET AL**

              **DEFENDANT(S),**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **ADAM CAINE** on **27-MAY-2021** in **DIVISION 11** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.      A trial setting;

      b.      Expert Witness Disclosure Cutoff Date;

      c.      A schedule for the orderly preparation of the case for trial;

      d.      Any issues which require input or action by the Court;

      e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

**/S/ ADAM CAINE**
**ADAM CAINE, Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
PETER FREDERIC ROTTGERS, 2001 WYANDOTTE, KANSAS CITY, MO 64108

JAMES D MYERS, 2001 WYANDOTTE, KANSAS CITY, MO 64108

Defendant(s):
MARIUS TOMA
MK EXPRESS LINES, INC
PAR LOGISTICS, LLC

Dated: 18-FEB-2021

MARY A. MARQUEZ
Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>ADAM CAINE | Case Number: 2116-CV03575 |
|---|---|
| Plaintiff/Petitioner:<br>PACHIONETTA M POWELL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES D MYERS<br>2001 WYANDOTTE<br>KANSAS CITY, MO 64108 |
| Defendant/Respondent:<br>MARIUS TOMA | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **MARIUS TOMA**
        **Alias:**

**312 NORTHRIDGE AVENUE**
**BOLINGBROOK, IL 60440-2447**

*COURT SEAL OF*

*JACKSON COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

18-FEB-2021
Date                                Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                ☐ the judge of the court of which affiant is an officer.

*(Seal)*        ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| **Total** | $_____ | |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.


Circuit Court of Jackson County

6/2020



February 23, 2021

JAMES D. MYERS
DIRECT 816.303.9955
jmyers@sls-law.com

Peggy Holley, Deputy Court Administrator
In the Circuit Court of Jackson County, MO
415 E. 12th Street
Kansas City MO 64106

      Re:    Pachionetta M. Powell v. Marius Toma, et al.
              Case No. 2116-CV03575
              Rule 5.6: No Certified Mail Fee Received
              Fee Required:  $20.00

Dear Ms. Holley,

We received the court's notice that the above-referenced fee needs to be submitted in order to process our filing dated February 5, 2021.  Attached is a copy of the court's notice.  The eFiling of this letter is to accompany the payment of the $20.00 fee.

Thank you.

                      Very truly yours,

                      */s/ James D. Myers*

                      James D. Myers

JDM/pk

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☒ **AT KANSAS CITY**  ☐ AT INDEPENDENCE

**RE**:  **PACHIONETTA M POWELL V MARIUS TOMA ET AL**
**CASE NO:**  **2116-CV03575**

**TO:**  **JAMES D MYERS**
**2001 WYANDOTTE**
**KANSAS CITY, MO  64108**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on February 23, 2021.  However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☒ **Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.**

☒ **OTHER:**    **Before your case can be processed further you will need to eFile the required affidavit marked above.**
☒ **Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.**
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**<u>If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.</u>**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed FEBRUARY 25, 2021 to:

**COURT ADMINISTRATOR'S OFFICE**
**DEPARTMENT OF CIVIL RECORDS**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

**FEBRUARY 25, 2021**
**Date**

**By**  *Peggy Holley*

**Peggy Holley, 816-881-6491**
**Deputy Court Administrator**
☒ **415 East 12th St., Kansas City, Missouri 64106**
☐ **308 W. Kansas, Independence, Missouri 64050**

Electronically Filed - Jackson - Kansas City - February 26, 2021 - 04:15 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

PACHIONETTA M. POWELL        )
                                          )
                  **Plaintiff**  )
vs.                               ) Case No.: 2116-CV03575
                                          )
**MARIUS TOMA, et al.**        )
                                          )
             **Defendants.**  )

**AFFIDAVIT FOR SERVICE BY CERTIFIED MAIL**

STATE OF MISSOURI    )
                         ) ss.
COUNTY OF JACKSON  )

COMES NOW, James D. Myers, counsel for Plaintiff Pachionetta Powell, in the above-captioned cause, and under oath, states as follows:

1.     Personal Service cannot be had within the State of Missouri upon Defendant MK Express Lines, Inc., because it is an Illinois Corporation, located at 3525 W. Peterson Avenue, Suite 115, Chicago, IL 60659.

2.     The name and address of its registered agent, to be served by Certified Mail is:

> Anamaria Cristina Costin
> 5315 N. Clark Street, #198
> Chicago, IL 60640

3.     Personal Service cannot be had within the State of Missouri upon Defendant PAR Logistics a Michigan Limited Liability Company, because it is located at 7377 Expressway Drive SW, Suite D, Grand Rapids MI 49548.

4.     The name and address of its registered agent, to be served by Certified Mail is:

> Keith Estelle
> 7458 Expressway Drive, Suite C
> Grand Rapids, MI 49548

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
**JAMES D. MYERS, MO BAR #  46374**

The above and foregoing was sworn to and signed before me, a Notary Public in and for the state and county aforesaid, on this 26th day of February 2021.

_____
Notary Public

My commission expires:

Rita Eldridge
Notary Public-Notary Seal
STATE OF MISSOURI
Commissioned for Clay County
My Commission Expires: May 15, 2021
ID. #01481159

Electronically Filed - Jackson - Kansas City - February 26, 2021 - 04:15 PM

JACKSON COUNTY CIRCUIT COURT
ASSOCIATE CASE INITIATION 3RD
415 E 12TH ST
KANSAS CITY, MO  64106-2706

# FIRST-CLASS®

**2116-CV03575**



**Attention Carrier on Route #C030**

This piece is being monitored for
Delivery and Scanning accuracy

# ELECTRONIC SCAN REQUIRED

## F

## USPS FIRST-CLASS®

JACKSON COUNTY CIRCUIT COURT
ASSOCIATE CASE INITIATION 3RD
415 E 12TH ST
KANSAS CITY, MO  64106-2706



Zone 4

MK EXPRESS LINES INC
ATTN: ANAMARIA CRISTINA COSTIN
5315 N CLARK ST # 198
CHICAGO, IL  60640-2290

### USPS SIGNATURE TRACKING #



**9202 1901 0661 5400 0160 0738 78**

Electronic Rate Approved #901066154

## Non-Machinable Parcel

IMpbConfirmation11x8FlatLabel v2016.09.29.91

JACKSON COUNTY CIRCUIT COURT
ASSOCIATE CASE INITIATION 3RD
415 E 12TH ST
KANSAS CITY, MO  64106-2706

# ELECTRONIC SCAN REQUIRED

**Attention Carrier on Route #C092**

This piece is being monitored for
Delivery and Scanning accuracy



## USPS FIRST-CLASS®

JACKSON COUNTY CIRCUIT COURT
ASSOCIATE CASE INITIATION 3RD
415 E 12TH ST
KANSAS CITY, MO  64106-2706



Zone 4

PAR LOGISTICS LLC
ATTN: KEITH ESTELLE
7458 EXPRESSWAY DR SW STE C
GRAND RAPIDS, MI  49548-7199

# FIRST-CLASS®

## Non-Machinable Parcel

**USPS SIGNATURE TRACKING #**



**9202 1901 0661 5400 0160 0743 01**

Electronic Rate Approved #901066154

**2116-CV03575**



IMpbConfirmation11x8FlatLabel v2016.09.29.91



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ADAM CAINE | Case Number: 2116-CV03575 |
| Plaintiff/Petitioner:<br>PACHIONETTA M POWELL | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES D MYERS<br>2001 WYANDOTTE<br>KANSAS CITY, MO 64108 |
| vs. | |
| Defendant/Respondent:<br>MARIUS TOMA | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Service by Registered or Certified Mail

The State of Missouri to: **MK EXPRESS LINES, INC**
                        **Alias:**

**R/A ANAMARIA CRISTINA COSTIN**
**5315 N CLARK ST #198**
**CHICAGO, IL 60640**



*COURT SEAL OF*

*JACKSON COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner, or Plaintiff/Petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

01-MAR-2021
Date Issued

_____ Clerk

Further Information:

## Certificate of Mailing

       I certify that on March 1, 2021, I mailed a copy of this summons and a copy of the petition to Defendant/Respondent  MK EXPRESS LINES, INC by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

**March 01, 2021**

_____
**Date**

_____
**DEPUTY COURT ADMINISTRATOR**

**\*\*CERTIFIED ARTICLE NUMBER:  9202 1901 0661 5400 0160 0738 78\*\***

OSCA (2-2017) SM90 (JAKSMCM) *For Court Use Only: Document ID # 21-SMCM-20*    1 of 2    Summons...
S.C. Form 4; Rule 54.12b, 506.150 RSMo

Case 4:21-cv-00619-BCW   Document 1-1   Filed 08/26/21   Page 36 of 93

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ADAM CAINE | Case Number: 2116-CV03575 |
| Plaintiff/Petitioner:<br>PACHIONETTA M POWELL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES D MYERS<br>2001 WYANDOTTE<br>KANSAS CITY, MO 64108 |
| Defendant/Respondent:<br>MARIUS TOMA | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Service by Registered or Certified Mail

The State of Missouri to: **PAR LOGISTICS, LLC**
 **Alias:**

**R/A KEITH ESTELLE**
**7458 EXPRESSWAY DR STE C**
**GRAND RAPIDS, MI 49548**



*COURT SEAL OF*

*JACKSON COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner, or Plaintiff/Petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

01-MAR-2021
Date Issued

_____ Clerk

Further Information:

## Certificate of Mailing

   I certify that on March 1, 2021, I mailed a copy of this summons and a copy of the petition to Defendant/Respondent **PAR LOGISTICS, LLC** by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

March 1, 2021

_____
Date

_____
**DEPUTY COURT ADMINISTRATOR**

   **\*\*CERTIFIED ARTICLE NUMBER: 9202 1901 0661 5400 0160 0743 01\*\***

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



**UNITED STATES POSTAL SERVICE**™



**FILED**
**CIVIL RECORDS**

**08-Mar-2021  09:15**

CIRCUIT COURT OF JACKSON COUNTY, MO

BY _Peggy Dilley_ DCA

Date Produced: 03/08/2021

THE MAIL GROUP INC - 1 / CONFIRM DELIVERY INC:

The following is the delivery information for Signature Confirmation™ item number 9202 1901 0661 5400 0160 0738 78. Our records indicate that this item was delivered on 03/05/2021 at 12:17 p.m. in CHICAGO, IL 60640. The scanned image of the recipient information is provided below.

Signature of Recipient :      *C o v id - 19*

*Covid - 19*

Address of Recipient :      **5315 N CLARK ST CHICAGO, IL 60640**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92021901066154000160073878
2116-CV03575
MK EXPRESS LINES INC
ATTN: ANAMARIA CRISTINA COSTIN
5315 N Clark St # 198
Chicago, IL  60640-2290


**UNITED STATES POSTAL SERVICE**

**FILED**
**CIVIL RECORDS**

**08-Mar-2021  09:15**

CIRCUIT COURT OF JACKSON COUNTY, MO

BY _Peggy Kelley_ DCA

Date Produced: 03/08/2021

THE MAIL GROUP INC - 1 / CONFIRM DELIVERY INC:

The following is the delivery information for Signature Confirmation™ item number 9202 1901 0661 5400 0160 0743 01. Our records indicate that this item was delivered on 03/05/2021 at 09:45 a.m. in GRAND RAPIDS, MI 49548. The scanned image of the recipient information is provided below.

Signature of Recipient :

L Chau

XL 4892 C19

Address of Recipient :    **7458 EXPRESSWAY DR SW**
**GRAND RAPIDS, MI 49548**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 920219010661540001600074301
2116-CV03575
PAR LOGISTICS LLC
ATTN: KEITH ESTELLE
7458 Expressway Dr SW Ste C
Grand Rapids, MI  49548-7199
21-SMCM-21-PH1

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| PACHIONETTA M. POWELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 2116-CV03575** |
| | ) | |
| MARIUS TOMA, | ) | **JURY TRIAL REQUESTED** |
| et al. | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ANSWER OF DEFENDANT PAR LOGISTICS, LLC**</u>

COMES NOW Defendant PAR Logistics, LLC and submits this Answer to Plaintiff's Petition as follows:

1.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Petition, and therefore denies the same.

2.     Defendant PAR Logistics admits Marius Toma is an individual but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of Plaintiff's Petition, and therefore denies the same.

3.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiff's Petition, and therefore denies the same.

4.     Defendant PAR Logistics admits it is a Michigan limited liability company, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 4 of Plaintiff's Petition, and therefore denies the same.

5.     Defendant PAR Logistics is without knowledge or information sufficient to form

a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiff's Petition, and therefore denies the same.

## **GENERAL ALLEGATIONS**

6.      Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiff's Petition, and therefore denies the same.

7.      Defendant PAR Logistics denies the allegations in paragraph 7 related to PAR Logistics. PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of Plaintiff's Petition, and therefore denies the same.

8.      Defendant PAR Logistics denies the allegations in paragraph 8 related to PAR Logistics. PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of Plaintiff's Petition, and therefore denies the same.

9.      Defendant PAR Logistics denies the allegations in paragraph 9 related to PAR Logistics. PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of Plaintiff's Petition, and therefore denies the same.

10.      Defendant PAR Logistics denies the allegations in paragraph 10 related to PAR Logistics. PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of Plaintiff's Petition, and therefore denies the same.

11.      Defendant PAR Logistics is without knowledge or information sufficient to form

a belief as to the truth of the allegations set forth in paragraph 11 of Plaintiff's Petition, and therefore denies the same.

12. Defendant PAR Logistics denies the allegations in paragraph 12 related to PAR Logistics. PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of Plaintiff's Petition, and therefore denies the same.

13. Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiff's Petition, and therefore denies the same.

14. Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of Plaintiff's Petition, and therefore denies the same.

15. Defendant PAR Logistics denies each and every one of the allegations set forth in paragraph 15 of Plaintiff's Petition.

16. Defendant PAR Logistics denies each and every one of the allegations set forth in paragraph 16 of Plaintiff's Petition.

17. Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of Plaintiff's Petition, and therefore denies the same.

18. Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of Plaintiff's Petition, and therefore denies the same.

19. Defendant PAR Logistics is without knowledge or information sufficient to form

a belief as to the truth of the allegations set forth in paragraph 19 of Plaintiff's Petition, and therefore denies the same.

20.     Defendant PAR Logistics denies the allegations in paragraph 20 related to PAR Logistics. PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of Plaintiff's Petition, and therefore denies the same.

21.     Defendant PAR Logistics denies the allegations in paragraph 21 related to PAR Logistics. PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of Plaintiff's Petition, and therefore denies the same.

## COUNT I

Defendant PAR Logistics restates and re-alleges paragraphs 1-21 of this Answer to Plaintiff's Petition and incorporates the same by reference, as though fully set forth herein.

22.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 including all of the subparagraphs of Plaintiff's Petition, and therefore denies the same.

23.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of Plaintiff's Petition, and therefore denies the same.

24.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of Plaintiff's Petition, and therefore denies the same.

25.     Defendant PAR Logistics is without knowledge or information sufficient to form

a belief as to the truth of the allegations set forth in paragraph 25 of Plaintiff's Petition, and therefore denies the same.

26.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of Plaintiff's Petition, and therefore denies the same.

27.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of Plaintiff's Petition, and therefore denies the same.

28.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of Plaintiff's Petition, and therefore denies the same.

29.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of Plaintiff's Petition, and therefore denies the same.

Defendant PAR Logistics denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause following paragraph 29, and therefore denies all allegations and requests set out therein.

## **COUNT II**

30.     Defendant PAR Logistics restates and re-alleges paragraphs 1-29 of this Answer to Plaintiff's Petition and incorporates the same by reference, as though fully set forth herein.

31.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 including all of the subparagraphs of Plaintiff's Petition, and therefore denies the same.

32.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of Plaintiff's Petition, and therefore denies the same.

33.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of Plaintiff's Petition, and therefore denies the same.

34.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of Plaintiff's Petition, and therefore denies the same.

35.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of Plaintiff's Petition, and therefore denies the same.

36.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of Plaintiff's Petition, and therefore denies the same.

Defendant PAR Logistics denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause following paragraph 36, and therefore denies all allegations and requests set out therein.

## COUNT III

37.     Defendant PAR Logistics restates and re-alleges paragraphs 1-36 of this Answer to Plaintiff's Petition and incorporates the same by reference, as though fully set forth herein.

38.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of Plaintiff's Petition, and

therefore denies the same.

39.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 including all of the subparagraphs of Plaintiff's Petition, and therefore denies the same.

40.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of Plaintiff's Petition, and therefore denies the same.

Defendant PAR Logistics denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause following paragraph 40, and therefore denies all allegations and requests set out therein.

## COUNT IV

41.     Defendant PAR Logistics restates and re-alleges paragraphs 1-40 of this Answer to Plaintiff's Petition and incorporates the same by reference, as though fully set forth herein.

42.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of Plaintiff's Petition, and therefore denies the same.

43.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 including all of the subparagraphs of Plaintiff's Petition, and therefore denies the same.

44.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of Plaintiff's Petition, and therefore denies the same.

45.     Defendant PAR Logistics is without knowledge or information sufficient to form

a belief as to the truth of the allegations set forth in paragraph 45 of Plaintiff's Petition, and therefore denies the same.

46.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of Plaintiff's Petition, and therefore denies the same.

47.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of Plaintiff's Petition, and therefore denies the same.

48.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of Plaintiff's Petition, and therefore denies the same.

49.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of Plaintiff's Petition, and therefore denies the same.

Defendant PAR Logistics denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause following paragraph 49, and therefore denies all allegations and requests set out therein.

## COUNT V

50.     Defendant PAR Logistics restates and re-alleges paragraphs 1-49 of this Answer to Plaintiff's Petition and incorporates the same by reference, as though fully set forth herein.

51.     Defendant PAR Logistics is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of Plaintiff's Petition, and therefore denies the same.

52.　　Defendant PAR Logistics denies each and every allegation set forth in paragraph 52 of Plaintiff's Petition.

53.　　Defendant PAR Logistics denies each and every allegation set forth in paragraph 53 of Plaintiff's Petition.

Defendant PAR Logistics denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause following paragraph 53, and therefore denies all allegations and requests set out therein.

## COUNT VI

54.　　Defendant PAR Logistics restates and re-alleges paragraphs 1-53 of this Answer to Plaintiff's Petition and incorporates the same by reference, as though fully set forth herein.

55.　　Defendant PAR Logistics denies each and every allegation set forth in paragraph 55 of Plaintiff's Petition.

56.　　Defendant PAR Logistics denies each and every allegation set forth in paragraph 56 of Plaintiff's Petition.

57.　　Defendant PAR Logistics denies each and every allegation set forth in paragraph 57 of Plaintiff's Petition.

58.　　Defendant PAR Logistics denies each and every allegation set forth in paragraph 58 of Plaintiff's Petition.

59.　　Defendant PAR Logistics denies each and every allegation set forth in paragraph 59 of Plaintiff's Petition.

60.　　Defendant PAR Logistics denies each and every allegation set forth in paragraph 60 of Plaintiff's Petition.

61.　　Defendant PAR Logistics denies each and every allegation set forth in paragraph

61 of Plaintiff's Petition.

62.     Defendant PAR Logistics denies each and every allegation set forth in paragraph 62 of Plaintiff's Petition.

Defendant PAR Logistics denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause following paragraph 63, and therefore denies all allegations and requests set out therein.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's alleged causes of action set forth in her Petition, and without admitting any of the allegations contained in the Petition, Defendant PAR Logistics states and alleges as follows:

63.     Except as expressly admitted herein, Defendant PAR Logistics denies each and every allegation set forth in Plaintiff's Petition.

64.     Plaintiff's Petition fails to state a claim against Defendant PAR Logistics upon which relief can be granted.

65.     Any damages sustained by Plaintiff, which Defendant PAR Logistics expressly denies, were directly caused or directly contributed to by the conduct of third parties over which Defendant PAR Logistics had no control and for which Defendant PAR Logistics is not responsible.

66.     Any injuries or damages sustained by Plaintiff, which Defendant PAR Logistics expressly denies, were directly and proximately caused or contributed to by the negligence or fault of Plaintiff.

67.     Any damages sustained by Plaintiff, which Defendant PAR Logistics expressly denies, where directly cause or directly contributed to by circumstances beyond anyone's control

and were not due to the negligence or fault of anyone.

68.     The negligence or fault of the parties to this case should be compared by the trier of fact, and fault should be apportioned in accordance with the individuals' and/or entities' respective liability. Any fault apportioned to the plaintiff should act to bar any recovery to his or should reduce any recovery to his in direct proportion to assessment of fault, all in accordance with the laws of the State of Missouri.

69.     Plaintiff has failed to mitigate her damages, if any, and thus any potential recovery must be reduced in accordance with Missouri law.

70.     Defendant PAR Logistics states that, to the extent that Plaintiff is compensated for any alleged damages by receiving payment from any other persons or entities with respect to the matters set forth in Plaintiff's Petition, the amounts of any such compensation should be credited or off set against any recovery in accordance with R.S.Mo. § 537.060 and Missouri common law.

71.     Defendant PAR Logistics hereby gives notice of its intent to rely upon such other and further affirmative defenses as may become available or apparent during the course of pretrial discovery. Therefore, Defendant PAR Logistics expressly reserves the right to amend its Answer to add and assert such other and additional affirmative defenses.

WHEREFORE, for the foregoing reasons, Defendant PAR Logistics respectfully requests that Plaintiff's Petition be dismissed as to it, that it be awarded its costs incurred and expended in regards to this matter, and that the Court grant it such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant PAR Logistics hereby demands a trial by jury for all claims so triable.

Date: May 7, 2021                 Respectfully Submitted,

                          */s/ Joseph A. Kronawitter*

| | |
|---|---|
| Joseph A. Kronawitter | MO Bar No. 49280 |
| Nicholas R. Snow | MO Bar No. 71388 |

Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
jkronawitter@hab-law.com
nsnow@hab-law.com

**Attorneys for Defendant PAR Logistics, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

       The undersigned attorney hereby certifies that the original of this filing was signed, and that a true and correct copy of the foregoing document was served via the Court's electronic notification system on this 7th day of May, 2021 to:

James D. Myers
Peter F. Rottgers
SHAFFER LOMBARDO SHURIN
  P.C.
2001 Wyandotte St.
Kansas City, MO 64108
jmyers@sls-law.com
prottgers@sls-law.com
**Attorneys for Plaintiff**

                          */s/ Joseph A. Kronawitter*
                          Attorney

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| PACHIONETTA M. POWELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 2116-CV03575** |
| | ) | |
| MARIUS TOMA, | ) | **JURY TRIAL REQUESTED** |
| et al. | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DESIGNATION OF LEAD ATTORNEY**</u>

COMES NOW the firm of Horn Aylward & Bandy, LLC and hereby designates Joseph

A. Kronawitter on behalf of defendant PAR Logistics, LLC as the lead attorney in the above-

referenced matter.

Date: May 7, 2021                    Respectfully Submitted,

                    _/s/ Joseph A. Kronawitter_
                    Joseph A. Kronawitter        MO Bar No. 49280
                    Nicholas R. Snow             MO Bar No. 71388
                    Horn Aylward & Bandy, LLC
                    2600 Grand Boulevard, Suite 1100
                    Kansas City, Missouri 64108
                    Telephone: (816) 421-0700
                    Facsimile: (816) 421-0899
                    jkronawitter@hab-law.com
                    nsnow@hab-law.com

                    *Attorneys for Defendant PAR Logistics, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that the original of this filing was signed, and that a true and correct copy of the foregoing document was served via the Court's electronic notification system on this 7th day of May, 2021 to:

James D. Myers
Peter F. Rottgers
SHAFFER LOMBARDO SHURIN P.C.
2001 Wyandotte St.
Kansas City, MO 64108
jmyers@sls-law.com
prottgers@sls-law.com
***Attorneys for Plaintiff***

                                 *__/s/ Joseph A. Kronawitter_____*
                                   Attorney

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| PACHIONETTA M. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2116-CV03575 |
| | ) | |
| MARIUS TOMA, | ) | JURY TRIAL REQUESTED |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

<u>**UNOPPOSED APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE**</u>

Defendant PAR Logistics, LLC ("PAR"), by and through counsel, and moves the Court for an order continuing the May 27, 2021 initial Case Management Conference in the above-entitled cause, pursuant to Mo. R. Civ. P. 65.03 and Local Rule 34.1. In support, PAR states as follows:

1.      This case was filed February 5, 2021.

2.      The Court has set a Case Management Conference for 9:00 a.m. on May 27, 2021.

3.      The undersigned is the designated lead attorney for PAR, and will be out of town on May 27, 2021 on pre-arranged travel.

4.      PAR requests that this Court continue the current Case Management Conference to a later date.

5.      PAR has contacted plaintiff's counsel regarding this request, and Plaintiff does not object to this request for continuance.

6.      There have been no prior requests for a continuance by any party.

7.      This request will not prejudice any party, and will not cause unreasonable delay.

WHEREFORE, Defendant PAR Logistics, LLC prays the Court for an order consistent

Electronically Filed - Jackson - Kansas City - May 07, 2021 - 01:46 PM

with the foregoing request, and for such other and further relief the Court deems proper.

Date: May 7, 2021

Respectfully Submitted,

 /s/ Joseph A. Kronawitter
Joseph A. Kronawitter          MO Bar No. 49280
Nicholas R. Snow               MO Bar No. 71388
Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
jkronawitter@hab-law.com
nsnow@hab-law.com

***Attorneys for Defendant PAR Logistics, LLC***

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the original of this filing was signed, and that a true and correct copy of the foregoing document was served via the Court's electronic notification system on this 7th day of May, 2021 to:

James D. Myers
Peter F. Rottgers
SHAFFER LOMBARDO SHURIN
     P.C.
2001 Wyandotte St.
Kansas City, MO 64108
jmyers@sls-law.com
prottgers@sls-law.com
***Attorneys for Plaintiff***

 /s/ Joseph A. Kronawitter
Attorney

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **PACHIONETTA POWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No: 2116-CV03575** |
| **vs.** | ) | **Division 11** |
| | ) | |
| **MARIUS TOMA, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER GRANTING CONTINUANCE</u>

NOW on this 11th day of May, 2021, the Court considers Defendant PAR Logistics, LLC's

Unopposed Application to Continue Case Management Conference, filed May 7, 2021. Being fully

advised on the premises, and for good cause shown, Defendant's Motion is hereby **GRANTED**.

The case management conference currently set for May 27, 2021, shall be continued to June 10,

2021, at 9:00 a.m.

**IT IS SO ORDERED.**

_____
May 11, 2021
Date

_____
Judge Adam Caine

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **PACHIONETTA M. POWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2116-CV03575** |
| | ) | |
| **MARIUS TOMA,** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

Defendant PAR Logistics, LLC, by and through its attorneys, does hereby certify that its First Set of Interrogatories to Plaintiff Pachionetta M. Powell and its First Requests for Production of Documents to Plaintiff Pachionetta M. Powell in pdf and Microsoft Word versions, were sent by electronic mail on the 19th day of May, 2021 to the following:

> James D. Myers
> Peter F. Rottgers
> SHAFFER LOMBARDO SHURIN
>     P.C.
> 2001 Wyandotte St.
> Kansas City, MO 64108
> jmyers@sls-law.com
> prottgers@sls-law.com
> *Attorneys for Plaintiff*

Date: May 19, 2021                    Respectfully Submitted,

                                      _/s/ Joseph A. Kronawitter_
                                      Joseph A. Kronawitter        MO Bar No. 49280
                                      Nicholas R. Snow             MO Bar No. 71388
                                      HORN AYLWARD & BANDY, LLC
                                      2600 Grand Boulevard, Suite 1100
                                      Kansas City, Missouri 64108
                                      Telephone: (816) 421-0700
                                      Facsimile: (816) 421-0899
                                      jkronawitter@hab-law.com
                                      nsnow@hab-law.com
                                      *Attorneys for Defendant PAR Logistics, LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the original of this filing was signed, and that a true and correct copy of the foregoing document was served via the Court's electronic notification system on this 19th day of May, 2021

James D. Myers
Peter F. Rottgers
SHAFFER LOMBARDO SHURIN
    P.C.
2001 Wyandotte St.
Kansas City, MO 64108
jmyers@sls-law.com
prottgers@sls-law.com
*Attorneys for Plaintiff*

                                      _/s/ Joseph A. Kronawitter_
                                      Attorney

## NOTICE OF VIRTUAL CONFERENCE

In an effort to contain the spread of COVID-19, Division 11 is holding remote hearings. Accordingly, Case Management Conferences and other miscellaneous hearings are being conducted via telephone conference or video conference (Webex).

A **Case Management Conference** by video is scheduled for the following cases on
**Thursday, June 10, 2021, at 9:00 a.m.**

| Case No. | Case Name |
|----------|-----------|
| 2016-CV19556 | Equatorial Equity Capital v. Groupe Cajou, LLC |
| 1916-CV22715 | Linville v. Taylor, et al. |
| 2016-CV25420 | Chen v. Crown Center Redevelopment Corp., et al. |
| 2016-CV11834 | Land Bank of Kansas City v. Lloyd, et al. |
| 2016-CV25200 | Backlotcars, Inc. v. Auto2Go |
| 1916-CV20178 | Bourdess, et al. v. PayPal, Inc., et al. |
| 2016-CV10814 | Riddle v. Country Club Plaza JV LLC, et al. |
| 2116-CV03575 | Powell v. Toma, et al. |
| 2016-CV13225 | Louis v. Estate of Michael William White, et al. |
| 2016-CV18118 | ZM v. Missouri Commission on Human Rights |
| 2116-CV03506 | Robinson v. Allen |
| 2016-FC04791 | Broadus v. Norris |

**Please refer to the attached step-by-step instructions on
joining the scheduled conference via Webex.**

*PLEASE NOTE*:
- Video hearings are transcribed by the division court reporter. Therefore, it is imperative that participants DO NOT speak over each other, as it is not possible to make a record in such instances.

## Division 11 Webex Information for Civil Case Proceedings

Please note: Although in-person proceedings are permitted, the Court has been directed to "utilize all available technologies – including teleconferencing and video conferencing – to conduct court activities remotely in order to limit the number of in-person proceedings conducted in courthouses." *Supreme Court Operational Directive dated May 4, 2020.*

**It is strongly encouraged that appearances be made by Webex videoconferencing or telephone conferencing for social distancing and Courtroom capacity reasons.** Accordingly, Division 11 will continue to make available, and encourages the use of, the option for counsel and parties to participate through Webex. If connectivity issues inhibit the use of Webex for any attorney or party, teleconferencing is available. *Recording of any video or telephone conference is strictly prohibited unless authorized by order of this Court.*

If you want to participate by videoconference through **Webex**, you will need to have access to reliable **INTERNET**, and a device (laptop/computer or cell phone) with **AUDIO** and **VIDEO** capabilities. Please follow the attached instructions to join the hearing by Webex. To participate in a Webex hearing, each person will need to log into Judge Caine's "Personal Room" on Webex to join the docket. Parties will be able to access the personal room by computer or cell phone app. It is very helpful to have a strong Internet or Wi-Fi connection to improve your access to the personal room. All individuals are instructed to access the personal room at least 5-10 minutes before the scheduled hearing as the Court will start calling cases promptly at the scheduled hearing time. Instructions on how to access the personal room are below. Please mute your microphone while waiting for your case to be called. When you are admitted into the personal room, each participant will be able to participate in the hearing and see all other participants. Using the mobile app to connect to the hearing does require connection to the Internet. It is not clear how much data will be used while waiting and throughout the hearing.

If you would like to appear **IN PERSON**, please plan to arrive at the Courthouse at least **30 minutes** before your hearing is set to begin to give you sufficient time to get to the Courtroom. Please bring your own **MASK,** as masks are **REQUIRED** to enter the Courthouse. Only counsel, named plaintiffs, and named defendants will be allowed into the Courtroom. All individuals will be required to follow social distancing requirements by maintaining a distance of at least six feet between themselves and any other individual. Individuals who are not following social distancing requirements may be removed from the Courtroom.

It is also possible to connect to the Court's personal room by dialing in via a cell phone or landline. However, it is a long distance phone call, and fees do apply. The phone number is 408-418-9388 (access code 146 499 3070).

There two different ways to access Judge Caine's Personal Room: (A) mobile app or (B) computer. Please review each method before determining which works best for you.

| **(A) Mobile App** | **(B) Computer** |
|---|---|
| 1. Download the free "Cisco WebEx Meetings" app from your app store. Open the app once it is downloaded. <br> 2. Click on green button that says "Join Meeting." <br> 3. In the "Meeting Number or URL" space, enter https://mocourts.webex.com/meet/adam.caine. Fill in the next spaces with your personal information. Please use your full name so the Court can identify you. Click enter. <br> 4. Allow the app to have access to your microphone and camera when prompted. <br> 5. The next page will take you to Judge Caine's "Personal Room." Mute your microphone by clicking the microphone icon until it is red. Click "Join Meeting." <br> 6. After joining, you may be taken to the waiting room. You will be invited by Judge Caine to the hearing when it is time for your matter to be heard. | 1. In your browser's address bar, enter https://mocourts.webex.com/meet/adam.caine. <br> 2. You will be asked to enter your name and email address. It is important to include your full name so the Court can identify you only when your case is called. Click "Join Meeting." <br> 3. Next, you will be prompted in some form to download the WebEx program. Download the program. <br> 4. Once the program is finished downloading, a new window should open. Make sure the round icon that looks like a microphone is red and the one that looks like a camera is green. If one of the features is not available, it will appear gray. Click "Join Meeting." <br> 5. After joining, you may be taken to the waiting room. You will be invited into the video hearing by Judge Caine when your case is called. |

Electronically Filed - Jackson - Kansas City - June 10, 2021 - 04:44 PM



**SHAFFER LOMBARDO SHURIN**

ATTORNEYS AT LAW

JMYERS@SLS-LAW.COM
816-303-9955

June 11, 2021

Clerk of the 16th Circuit Court
Kansas City Courthouse
415 East 12th Street
Kansas City, MO 64106

Re: *Service Instructions for Civil Case No. 2116-CV03575*

Dear Circuit Clerk,

Regarding the above -referenced case, please issue a summons for personal service out of state as follows:

**Via Private Process Server:**

MARIUS TOMA
Serve: 31 Stephen Street
Lemont, Illinois 60439

Please return the Summons to Marius Toma to this office for forwarding to a Private Process Server for service.

If there are any questions, I can be reached at (816) 303-9955. Thank you for your assistance.

Sincerely yours,

SHAFFER LOMBARDO SHURIN, PC

James D. Myers

{11520/0001: 00466784.DOCX.}

2001 WYANDOTTE STREET
KANSAS CITY, MISSOURI 64108
816.931.0500          FAX 816.931.5775

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

PACHIONETTA M. POWELL,           )
                                 )
                  Plaintiff,     )
vs.                              )           Case No.:  2116-CV03575
                                 )
MARIUS TOMA, and                 )
MK EXPRESS LINES, INC., and      )
PAR LOGISTICS, LLC,              )
                                 )
                  Defendants.    )

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

Comes now Plaintiff, by and through her attorney of record, and for her Motion for

Approval/Appoint of Private Process Server, and requests that Rex Jones (PPS21-0339) be appointed

to serve Marius Toma in Lemont, Illinois. See attached Proposed Order (Exhibit A).

Respectfully submitted,

SHAFFER LOMBARDO SHURIN P.C.

*/s/ James D. Myers*
James D. Myers #46374
Peter F. Rottgers #65671
2001 Wyandotte Street
Kansas City, Missouri 64108
(816) 931-0500 (816) 931-5775 (Fax)
jmyers@sls-law.com
prottgers@sls-law.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the original of this filing was signed, and that a
true and correct copy of the foregoing document was served via the Court's electronic notification
system on this 10 day of June, 2021.

*/s/ James D. Myers*
James D. Myer

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**PACHIONETTA M POWELL**,

           **PLAINTIFF(S)**,           **CASE NO.** 2116-CV03575

**VS.**                                  **DIVISION 11**

**MARIUS TOMA**, **ET AL**

           **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **ADAM CAINE** on **12-AUG-2021** in **DIVISION 11** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.      A trial setting;

      b.      Expert Witness Disclosure Cutoff Date;

      c.      A schedule for the orderly preparation of the case for trial;

      d.      Any issues which require input or action by the Court;

      e.      The status of settlement negotiations.

Case 4:21-cv-00619-BCW   Document 1-1   Filed 08/26/21   Page 65 of 93

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

### /S/ ADAM CAINE
ADAM CAINE**, Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
NICHOLAS ROBERT SNOW, 2600 GRAND BLVD STE 1100, KANSAS CITY, MO 64108

JOSEPH KRONAWITTER, HORN AYLWARD & BANDY LLC, 2600 GRAND BOULEVARD, SUITE 1100, KANSAS CITY, MO 64108

PETER FREDERIC ROTTGERS, 2001 WYANDOTTE, KANSAS CITY, MO 64108

JAMES D MYERS, 2001 WYANDOTTE, KANSAS CITY, MO 64108

Defendant(s):
MARIUS TOMA
 MK EXPRESS LINES, INC
 PAR LOGISTICS, LLC

Dated: 11-JUN-2021

MARY A. MARQUEZ
Court Administrator

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| **PACHIONETTA POWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No: 2116-CV03575** |
| **vs.** | ) | **Division 11** |
| | ) | |
| **MARIUS TOMA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>ORDER</u>

The Court hereby enters the following Scheduling Order:

1.  This case is set for a case management conference on August 12, 2021, at 9:00 a.m. to

    allow Plaintiff an opportunity to obtain service.

    **IT IS SO ORDERED.**


_____
June 10, 2021
Date

_____
Judge Adam Caine


*<u>Certificate of Service</u>*
This is to certify that a copy of the foregoing was automatically forwarded to the attorneys of record through the Court's eFiling system on June 10, 2021.

_____
Law Clerk, Division 11

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☒ AT KANSAS CITY    ☐ AT INDEPENDENCE

**RE**:    **PACHIONETTA M POWELL V MARIUS TOMA ET AL**
**CASE NO:**    **2116-CV03575**

**TO:**    **JAMES D MYERS**
**2001 WYANDOTTE**
**KANSAS CITY, MO  64108**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on _____.
However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:    Please remit an Order for Approval of Process Server.  Any questions please call 881-1221.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed JUNE 11, 2021 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

By  *Cheryl Smalley*

JUNE 11, 2021
Date

Deputy Court Administrator
☒ 415 East 12th St., Kansas City, Missouri 64106
☐ 308 W. Kansas, Independence, Missouri 64050

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

PACHIONETTA M. POWELL,   )
             )
     Plaintiff,  )
vs.          )  Case No.: 2116-CV03575
             )
MARIUS TOMA, and    )
MK EXPRESS LINES, INC., and )
PAR LOGISTICS, LLC,   )
             )
     Defendants. )

**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**

Comes now Plaintiff, by and through her attorney of record, and for her Motion for Approval/Appoint of Private Process Server, and requests that Rex Jones (PPS21-0339) be appointed to serve Marius Toma in Lemont, Illinois. See attached Proposed Order (Exhibit A).

Respectfully submitted,

SHAFFER LOMBARDO SHURIN P.C.

/s/ James D. Myers
James D. Myers #46374
Peter F. Rottgers #65671
2001 Wyandotte Street
Kansas City, Missouri 64108
(816) 931-0500 (816) 931-5775 (Fax)
jmyers@sls-law.com
prottgers@sls-law.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the original of this filing was signed, and that a true and correct copy of the foregoing document was served via the Court's electronic notification system on this 16th day of June, 2021.

/s/ James D. Myers
James D. Myer

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| PACHIONETTA M. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 2116-CV03575 |
| | ) | |
| MARIUS TOMA, and | ) | |
| MK EXPRESS LINES, INC., and | ) | |
| PAR LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server Rex Jones (PPS21-0339) is granted and Mr. Jones is hereby approved to serve process in the above-captioned matter.

Date:  21-Jun-2021

DEPUTY COURT ADMINISTRATOR



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>ADAM CAINE | Case Number: 2116-CV03575 |
|---|---|
| Plaintiff/Petitioner:<br>PACHIONETTA M POWELL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES D MYERS<br>2001 WYANDOTTE<br>KANSAS CITY, MO 64108 |
| Defendant/Respondent:<br>MARIUS TOMA | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: MARIUS TOMA
Alias:

**PRIVATE PROCESS SERVER**

31 STEPHEN STREET
LEMONT, IL 60439

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

21-JUN-2021
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| PACHIONETTA M. POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2116-CV03575 |
| | ) |
| MARIUS TOMA, and | ) |
| MK EXPRESS LINES, INC., and | ) |
| PAR LOGISTICS, LLC, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT MK EXPRESS LINES, INC.**

Pursuant to Rule 74.05, Plaintiff Pachionetta Powell moves the Court for an entry of default judgment against Defendant MK Express Lines, Inc. ("MK Express"). In support of her Motion, Plaintiff states as follows:

1.      Plaintiff filed its Petition on February 5, 2021.

2.      Anamaria Cristina Costin, the Registered Agent for Defendant MK Express was served with a copy of the Summons and Petition on March 5, 2021, via Certified Mail at 5315 N. Clark Street, #198, Chicago, IL 60640.

3.      A USPS Certified Mail Receipt was filed on March 8, 2021. See attached.

3.      Pursuant to Rule 55.25(a), Defendant MK Express's deadline to file an answer or other responsive pleading was 30 days after the filing of the Certified Mail Receipt or on or before April 8, 2021.

4.      As of this date of this Motion, some 80 days later, Defendant MK Express has failed or refused to file an answer or other responsive pleading.

5.      Pursuant to Rules 74.05(a) and 55.25, Defendant MK Express is in default.

WHEREFORE, for the reasons set forth above, Plaintiff Pachionetta Powell respectfully moves this Court to enter default judgment in favor of Plaintiff and against Defendant MK Express Lines, Inc. in accordance with Plaintiff's Petition.

Respectfully submitted,

SHAFFER LOMBARDO SHURIN P.C.

_James D. Myers_____
James D. Myers          #46374
Peter F. Rottgers       #65671
2001 Wyandotte Street
Kansas City, Missouri 64108
(816) 931-0500 (816) 931-5775 (Fax)
jmyers@sls-law.com
prottgers@sls-law.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing was filed on this 1st day of July 2021, with the Court's electronic filing system, which sent electronic notice of such filing, automatically generated, to all counsel of record.

Notice was also sent via U.S. Mail, First Class, postage pre-paid, to the following:

MK Express, Inc.
Anamaria Cristina Costin
5315 N. Clark Street, #198
Chicago, IL 60640

MK Express, Inc.
c/o Daphne Romero
Southland Claim Service, Inc.
P.O. Box 958
Garden Grove, CA 92842

MK Express, Inc.
c/o A-One Commercial Insurance Risk
Retention Group, Inc.
1605 Main Street, Suite 800
Sarasota, FL 34236

MK Express, Inc.
c/o Daphne Romero
Southland Claim Service, Inc.
12791 Western Ave., Suite J,
Garden Grove, CA 92841

Notice was also sent via electronic mail to the following:

Daphne Romero
Southland Claim Service, Inc.
dromero@southlandclaims.com

_/s/James D. Myers_____
James D. Myers

Electronically Filed - Jackson - Kansas City - July 12, 2021 - 04:05 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

PACHIONETTA M. POWELL,    )
    )
    Plaintiff,    )
    )    **Case No. 2116-CV03575**
vs.    )
    )
MARIUS TOMA, and    )
MK EXPRESS LINES, INC., and    )
PAR LOGISTICS, LLC,    )
    )
    Defendants.    )

## DEFENDANT MK EXPRESS' MOTION TO QUASH SERVICE OF PROCESS, AND, IN THE ALTERNATIVE,

## MOTION FOR LEAVE TO FILE A RESPONSIVE PLEADING OUT OF TIME AND SUGGESTIONS IN SUPPORT

COMES NOW Defendant MK Express Lines, Inc. ("MK Express"), by and through undersigned counsel, and moves to quash service of process. In the alternative, Defendant MK Express moves the Court for its order permitting it to file a responsive pleading to Plaintiff's Petition out of time, and for an extension to file such responsive pleading to on or before August 6, 2021. Defendant offers the following suggestions in support of said motions.

1.    MK Express incorporates its contemporaneously-filed suggestions in opposition to *Plaintiff's Motion for Default Judgment*, together with its exhibit(s), by this reference.

102075159.v1

2.     The Court should quash the purported service of process, because Plaintiff's invalid attempt to serve process via certified mail did not comply with any authorized manner of service.

3.     In the alternative, Defendant MK Express seeks enlargement of time to file its responsive pleading to Plaintiff's Petition.

4.     Rule 44.01 provides, in pertinent part:

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon notice and motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 52.13, 72.01, 73.01, 75.01, 78.04, 81.04, 81.07, and 84.035 or for commencing civil action.

5.     "Excusable neglect is the failure to act not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident. *State ex rel. Mylan Bertek Pharmaceuticals, Inc. v. Vincent*, 561 S.W.3d 68, 72 (Mo. App. 2018)(internal citations omitted). "Excusable neglect is an action attributable to mishap and not the result of indifference or deliberate disregard." *Id.*

6.     If the Court finds service was proper on Defendant MK Express, then at worst, MK Express' actions or inactions constitute excusable neglect.

7.     Defendant is generally unfamiliar with the process of litigation.

8.     Defendant has meritorious defenses to the allegations made by Plaintiff.

9.     Plaintiff's Motion for Default Judgment is not yet set for hearing and the Court has not ruled on it. Equity in this instance dictates that Plaintiff's Motion for Default Judgment be denied in this matter. Plaintiff <u>would not</u> be unfairly prejudiced by this Court's denial of her Motion for Default Judgment. This case was filed on February 5, 2021, and has not been set for trial. There have not been any scheduling orders entered or other deadlines set in this matter, other than the Court setting a Case Management Conference on August 12, 2021. As of this writing, to counsel's knowledge, Plaintiff has not obtained service on all defendants.

10.     Defendant <u>would</u> be unfairly prejudiced by this Court's entry of a default judgment. Entry of judgment in this matter based on a finding of default would deny Defendant the ability to defend this matter on the merits, among other rights.

11.     This Court is vested with discretion to enlarge the time to file a responsive pleading pursuant to Mo. R. Civ. P. 44.01(b). That discretion will not be disturbed absent an abuse of discretion. *See generally, Vincent.*

12.     The extension requested by Defendant to August 6, 2021, is to a date prior to the Case Management Conference presently scheduled.

13.     Therefore, in the alternative, Defendant seeks this Court's Order granting leave to file an answer or other responsive pleading.

WHEREFORE, Defendant respectfully requests that this Court quash the purported service of process, and in the alternative grant Defendant leave to file a responsive pleading out of time, and for an extension of time to file such responsive

pleading to on or before August 6, 2021, and for such other and further relief that the Court deems just and equitable.

Respectfully submitted,

WALLACE SAUNDERS

BY: /s/ Theodore A. Kardis
    John M. Ross      MO #44051
    Theodore A. Kardis  MO #44142
    10111 West 87th Street
    Overland Park, KS 66212
    (913) 888-1000
    (913) 888-1065/FAX
    tkardis@wallacesaunders.com

ATTORNEYS FOR
DEFENDANT MK EXPRESS

102075159.v1

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 12, 2021, this document, the original of which has been signed pursuant to Mo.R.Civ.Proc. 55.03(a), was filed using the Missouri Electronic Filing System which provides the required Notice of filing and access to the document to registered Users pursuant to Mo.R.Civ.Proc. 103.08:

James D. Myers
Peter F. Rottgers
SHAFFER LOMBARDO SHURIN P.C.
2001 Wyandotte Street
Kansas City, MO 64108
T: 816-931-0500
F: 816-931-5775
jmyers@sls-law.com
prottgers@sls-law.com
ATTORNEYS FOR PLAINTIFF


_____/s/ Theodore A. Kardis_____
For the Firm

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

PACHIONETTA M. POWELL,            )
                                 )
            Plaintiff,           )
                                 )        Case No. 2116-CV03575
vs.                              )
                                 )
MARIUS TOMA, and                 )
MK EXPRESS LINES, INC., and      )
PAR LOGISTICS, LLC,              )
                                 )
            Defendants.          )

## DEFENDANT MK EXPRESS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

COMES NOW Defendant MK Express Lines, Inc. ("MK Express"), by and through undersigned counsel, and for its suggestions in opposition to Plaintiff's Motion for Default Judgment, states as follows.

1.      Because Plaintiff has not properly served Defendant MK Express with process, Plaintiff is not entitled to a default judgment. MK Express was not personally served; Plaintiff's purported service by certified mail complies with no valid method of service of process and is therefore a nullity. Further, MK Express never received actual notice of the lawsuit by virtue of the certified mail.

2.      Plaintiff filed her Petition on or about February 5, 2021. *See* Court file.

3.      That same day, Plaintiff filed correspondence with the Circuit Clerk requesting, among other things, the issuance of summons *via certified mail* to MK Express. *See* Court file.

4.     Thereafter, on February 18, 2021, the Circuit Clerk corresponded with counsel for Plaintiff, indicating that Plaintiff's pleading could not be processed further until certain actions were taken:

> Because the clerks of the courts are still required to send out all certified mail summons packets, you will need to eFile the required certified mail fee indicated above ($10.00 per person). You will also need to eFile the required affidavit marked above.

The "required affidavit" referred to an "Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b." *See* Court file.

5.     Thereafter, on February 23, 2021, Plaintiff filed correspondence with the Circuit Clerk to accompany payment of the certified mail fee. *See* Court file.

6.     On February 25, 2021, the Circuit Clerk again corresponded with counsel for Plaintiff, indicating that Plaintiff's pleading could not be processed further until Plaintiff eFiled the required 54.12b affidavit mentioned in the clerk's previous correspondence. *See* Court file.

7.     Thereafter, on February 26, 2021, counsel for Plaintiff filed an "Affidavit for Service by Certified Mail," averring, among other things:

> 1.     Personal Service cannot be had within the State of Missouri upon Defendant MK Express Lines, Inc., because it is an Illinois Corporation, located at 3525 W. Peterson Avenue, Suite 115, Chicago, IL 60659.

> 2.     The name and address of its registered agent, to be served by Certified Mail is:
> Anamaria Cristina Costin
> 5315 N. Clark Street, #198
> Chicago, IL 60640

*See* Court file.

8.      On July 1, 2021, Plaintiff filed a Motion for Default Judgment against Defendant MK Express. *See* Plaintiff's Motion, Court file.

9.      Plaintiff asserts that Anamaria Cristina Costin, as Registered Agent for Defendant MK Express, was served with a copy of the Summons and Petition on March 5, 2021, via Certified Mail at 5315 N. Clark Street, # 198, Chicago, IL 60640. *See* Plaintiff's Motion for Default Judgment ("Plaintiff's Motion"), Court file.

10.      A USPS Certified Mail Receipt was attached to Plaintiff's Motion, which includes the following particulars:

a.  The referenced item was delivered on March 5, 2021;

b.  The field in the form for "Signature of Recipient" is populated with a scanned image which appears to be the handwritten phrase "COVID-19" repeated twice, and no name designating an actual individual person appears;

c.  The field in the form for "Address of Recipient" is populated with the typewritten information "5315 N CLARK ST CHICAGO IL 60640";

d.  The "customer reference information" shown on the form is (in part): "MK EXPRESS LINES INC, ATTN: ANAMARIA CRISTINA COSTIN, 5315 N Clark St #198, Chicago, IL 60650-2290."

*See* Court file.

11.      Plaintiff asserts that Defendant MK Express's deadline to file an answer or other responsive pleading was on or before April 8, 2021. *See* Plaintiff's Motion, Court file.

Electronically Filed - Jackson - Kansas City - July 12, 2021 - 03:58 PM

12.     Plaintiff asserts that as of the date of Plaintiff's Motion, that Defendant MK Express has failed to file an answer or other responsive pleading. *See* Plaintiff's Motion, Court file.

13.     Plaintiff asserts that pursuant to Rule 74.05(a) and 55.25, Defendant MK Express is in default.

14.     Anamaria Cristin Costin was the agent for MK Express at the time of its incorporation in Illinois, and gave an address of 53 15 N Clark Street, # 198, Chicago, IL 60640, at that time. *See* Affidavit of Anamaria Costin, ¶¶ 1-3, attached as Exhibit A ("Costin Affidavit").

15.     At the time of incorporation, MK Express maintained a "The UPS Store" mailbox at 5315 N Clark Street, Chicago, IL 60640, which is a "The UPS Store." Costin Affidavit at ¶¶ 4-5.

16.     MK Express stopped renting mailbox # 198 at 53 15 N Clark Street, Chicago, IL 60640, in or around February, 2019, and Ms. Costin has not received any mail for MK Express sent to that location since that time. Costin Affidavit at ¶¶ 6-7.

17.     Ms. Costin was <u>not</u> personally served with a copy of the Summons and Petition in the above captioned case on March 5, 2021, at 5315 N Clark Street, # 198, Chicago, IL 60640, or at any time. Costin Affidavit at ¶¶ 8-9.

18.     Ms. Costin did not sign for any certified mail that enclosed a copy of the Summons and Petition on March 5, 2021, at 5315 N Clark Street, # 198,

102072 20.v1

Chicago, IL 60640, or at any other location at any other time. Costin Affidavit at ¶ 10.

19.    Ms. Costin has never actually received a copy of the Summons and Petition in the above-captioned case at any time, and was not even aware of the lawsuit until speaking to her attorneys about it for the first time on July 7, 2021. Costin Affidavit at ¶¶ 11-12.

20.    Ms. Costin reviewed the Certified Mail Receipt ("Receipt") attached to Plaintiff's Motion for Default Judgment. Costin Affidavit at ¶ 13.

21.    Ms. Costin was not the recipient of the item described in the Receipt; it is not her signature on the Receipt; she does not recognize the handwriting on the Receipt; and she did not sign the receipt or write "COVID-19" in place of a signature. Costin Affidavit at ¶¶ 14-17.

22.    There is no way to know who signed "COVID-19" on the Receipt.

23.    Ms. Costin has never signed for any certified mail by writing "COVID-19" in place of her legal signature. Costin Affidavit at ¶ 18.

24.    Ms. Costin was not present in the state of Illinois on March 5, 2021. Costin Affidavit at ¶ 19.

25.    There must be service of process in an authorized manner in order for the court to acquire jurisdiction to determine the rights and liabilities of the defendant. *Walker v. Gruner*, 875 S.W.2d 587, 588 (Mo. Ct. App. 1994). A default judgment entered without personal jurisdiction over the defendants would be void. *Id.*

102072 20.v1

26. The methods of service outside the state of Missouri on corporations are described in Rule 54.06(d): "Service of process may be made as provided in Rule 54.14 or Rule 54.16."

27. Rule 54.14 sets out how personal service outside the state of Missouri may be made. Plaintiff did not attempt, did not obtain, and does not claim to have achieved personal service on Defendant MK Express.

28. Rule 54.16 sets out how service can be achieved by acknowledgement of service by mail. Plaintiff did not follow this method of service either. Plaintiff did not send and Defendant did not complete and return an acknowledgement.

29. The invalid method of service actually employed by Plaintiff in this matter was by requesting the clerk to send a copy by certified mail pursuant to Rule 54.12(b). However, use of this rule is limited in rem or quasi in rem actions, Rule 54.12. The instant action is patently an action in personam.

30. Therefore, Plaintiff's invalid attempt to serve Defendant with process via certified mail did not accomplish service, did not confer jurisdiction on this Court, and Plaintiff is not entitled to a default judgment because Defendant is not in default. Any entry of a default judgment at this juncture would be void and the Court should deny Plaintiff's motion for the same. *Walker*, 875 S.W.2d at 588.

31. Moreover, Missouri Courts have consistently expressed a distaste for entry of default judgment. Instead, public policy favors resolution of cases on the merits. See *Brungard v. Risky's, Inc.*, 240 S.W.3d 685, 686 (Mo. 2007) ("Missouri appellate courts have traditionally afforded significant deference to the circuit

court's decision to set aside a default judgment because of the public policy favoring the resolution of cases on the merits and the "distaste our system holds for default judgments."). *See also Continental Basketball Ass'n v. Harrisburg Professional Sports Inc.*, 947 S.W.2d 471, 473 (Mo. App. 1997); and *Gibson by Woodall v. Elley*, 778 S.W.2d 851, 854 (Mo. App. 1989).

32.     Counsel for Plaintiff notified MK Express' Third Party Administrator, Southland Claim Service, Inc., of its Motion for Default Judgment via emailed correspondence on or about July 1, 2021.  Thereafter, undersigned counsel were retained to represent Defendant MK Express and met with Defendant. Defendant had not even learned of this lawsuit prior to July 7, 2021.

33.     Plaintiff's Motion for Default Judgment is not yet set for hearing and the Court has not ruled on it. Equity in this instance dictates that Plaintiff's Motion for Default Judgment be denied in this matter. Plaintiff <u>would not</u> be unfairly prejudiced by this Court's denial of her Motion for Default Judgment. This case was filed on February 5, 2021, and has not been set for trial. There have not been any scheduling orders entered or other deadlines set in this matter, other than the Court setting a Case Management Conference on August 12, 2021. As of this writing, to counsel's knowledge, Plaintiff has not obtained service on all defendants.

34.     Defendant <u>would</u> be unfairly prejudiced by this Court's entry of a Default Judgment. Entry of judgment in this matter based on a finding of default would deny Defendant the ability to defend this matter on the merits, among other rights.

Electronically Filed - Jackson - Kansas City - July 12, 2021 - 03:58 PM

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion for Default Judgment, and for such other and further relief that the Court deems just and equitable.

Respectfully submitted,

WALLACE SAUNDERS

BY: */s/  Theodore A. Kardis*
    John M. Ross      MO #44051
    Theodore A. Kardis  MO #44142
    10111 West 87th Street
    Overland Park, KS 66212
    (913) 888-1000
    (913) 888-1065/FAX
    tkardis@wallacesaunders.com

ATTORNEYS FOR
DEFENDANT MK EXPRESS

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 12, 2021, this document, the original of which has been signed pursuant to Mo.R.Civ.Proc. 55.03(a), was filed using the Missouri Electronic Filing System which provides the required Notice of filing and access to the document to registered Users pursuant to Mo.R.Civ.Proc. 103.08:


James D. Myers
Peter F. Rottgers
SHAFFER LOMBARDO SHURIN P.C.
2001 Wyandotte Street
Kansas City, MO 64108
T: 816-931-0500
F: 816-931-5775
jmyers@sls-law.com
prottgers@sls-law.com
ATTORNEYS FOR PLAINTIFF




        /s/ Theodore A. Kardis
For the Firm

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| PACHIONETTA M. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 2116-CV03575** |
| | ) | **Division 11** |
| vs. | ) | |
| | ) | |
| MARIUS TOMA, and | ) | |
| MK EXPRESS LINES, INC., and | ) | |
| PAR LOGISTICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF ANAMARIA COSTIN**

| | |
|---|---|
| STATE OF KANSAS | ) |
| | ) ss: |
| COUNTY OF JOHNSON | ) |

COMES NOW the undersigned, being first duly sworn, and states upon her oath as follows:

1.　　My name is Anamaria Cristina Costin. I am of sound mind, over the age of 18 years old, capable of making this affidavit, and personally acquainted with the facts stated in this affidavit.

2.　　I served as the agent for MK Express Lines, Inc. ("MK Express") at the time of its incorporation in the state of Illinois, on or about February 28, 2017.

3.　　The address I gave as the agent for MK Express, at the time of incorporation was 5315 N Clark Street, #198, Chicago, IL 60640.

4.　　5315 N Clark Street, Chicago, IL 60640, is a "The UPS Store."

5.　　At the time I became the agent for MK Express, MK Express maintained a The

*Initials pg 1/3* A.C.

102073707.v1

EXHIBIT A

UPS Store mailbox at 5315 N Clark Street, Chicago, IL 60640, mailbox #198.

6. MK Express stopped renting mailbox #198 at 5315 N Clark Street, Chicago, IL 60640, in or around February, 2019.

7. I have not received any mail for MK Express sent to 5315 N Clark Street, Chicago, IL 60640, mailbox #198 since MK Express stopped renting a mailbox at that location.

8. I was not personally served with a copy of the Summons and Petition in the above-captioned case on March 5, 2021, at 5315 N Clark Street, #198, Chicago, IL 60640.

9. I have not been personally served with a copy of the Summons and Petition in the above-captioned case at any time.

10. I did not sign for any certified mail that enclosed a copy of the Summons and Petition on March 5, 2021, at 5315 N Clark Street, #198, Chicago, IL 60640, or at any other location at any other time.

11. I have never actually received a copy of the Summons and Petition in the above-captioned case at any time.

12. I was not even aware of the above-captioned lawsuit until speaking to my attorneys about it for the first time on July 7, 2021.

13. I have reviewed the Certified Mail Receipt ("Receipt") attached to Plaintiff's *Motion for Default Judgment*.

14. I was not the recipient of the item described in the Receipt.

15. That is not my signature on the Receipt.

16. I do not recognize the handwriting on the Receipt.

17. I did not sign the receipt write "COVID-19" in place of a signature.

18. I have never signed for any certified mail by writing "COVID-19" in place of my

2

*Initials pg 2/3* A. C.

EXHIBIT A

legal signature.

19. On March 5, 2021, I was not present in the state of Illinois.

FURTHER AFFIANT SAYETH NAUGHT.

_____

Anamaria Cristina Costin

SUBSCRIBED AND SWORN TO before me, a Notary Public, in and for the aforesaid

County and State, this 9th day of July, 2021.

_____
Notary Public

My commission expires: _____

3

102073707.v1

*Initials pg 3/3* A. C.

EXHIBIT A